IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLES DOUGLAS MORRIS, JR., PLAINTIFF,

VS. CIVIL ACTION NO. 1:05CV166-P-D

MONOTECH OF MISSISSIPPI, INC. and
MONOTECH OF MISSISSIPPI - FULTON, DEFENDANTS.

## AMENDED FINAL JUDGMENT

This matter comes before the court upon Defendants' Motion for Summary Judgment [41-1]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The defendants filed the instant motion for summary judgment on August 14, 2006. The deadline by which to respond to the motion was August 31, 2006. The plaintiff, acting *pro se*, filed no response, nor did he otherwise contact the court requesting an extension some two months after the motion for summary judgment was filed. Despite the lack of a response, the court reviewed the motion for summary judgment under the standards of Federal Rule of Civil Procedure 56 which does not allow a court to grant summary judgment solely because a response was not filed. On October 12, 2006 the court granted the defendants motion for summary judgment, concluding that the plaintiff had not demonstrated a genuine issue of material fact warranting a trial on his race and disability discrimination claims.

However, on November 6, 2006 the court granted the plaintiff's motion for reconsideration in order to allow him to file a response by December 1, 2006. This order set out in detail the standards required to defeat a motion for summary judgment.

1

On November 28, 2006 the plaintiff filed his response and the defendants filed a reply to that response. Having reviewed these briefs, the court concludes that the plaintiff has still not created a genuine issue of material fact on his race and disability discrimination claims. Indeed, the content of the response itself and the accompanying materials were already before the court when it originally granted the motion for summary judgment. Below are the reasons for granting summary judgment.

## A. Procedural Background

The plaintiff filed a *pro se* complaint on July 6, 2006. In the original complaint, the plaintiff alleges he was terminated because of his race in violation of Title VII, 42 U.S.C. § 2000e *et seq*. and because of his alleged disability (*i.e.*, the hernia he developed from a work injury) in violation of the American With Disabilities Act. On September 22, 2006 the plaintiff filed a hand-written Amended Complaint wherein no specific mention was made regarding race discrimination. Furthermore, the Amended Complaint does not clearly mention a cause of action under the ADA.

Nevertheless, the court will construe both complaints together as alleging a Title VII claim and a ADA claim.

## B. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there

are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, *supra*, at 322.

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, *supra* at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*., at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*., at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Title VII Race Discrimination**

Title VII prohibits discrimination based on race. 42 U.S.C. § 2000e-2(a). "Title VII discrimination can be established through either direct or circumstantial evidence" and when a case is based on circumstantial evidence, the court should look to the *McDonnell Douglas* test. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

"Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination." *Laxton*, 333 F.3d at 578. (internal citations omitted). A prima facie case of race discrimination requires proof from the plaintiff that he was (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated. *McDonnell Douglas v. Green*, 411 U.S. 792, 802-05 (1973); *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005).

If the court concludes that the plaintiff can establish a prima facie case of race discrimination, the second stage of the *McDonnell Douglas* requires the defendant to proffer a legitimate, nondiscriminatory reason for the plaintiff's termination. If the employer does so, the presumption of discrimination dissipates. *Laxton*, 333 F.3d at 578. The burden is placed back upon the plaintiff to demonstrate the third stage of the *McDonnell Douglas* test.

The third stage of the *McDonnell Douglas* test requires that "[t]he plaintiff ... bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against h[im] because of h[is] protected status." *Laxton*, 333 F.3d at 578. (internal citations omitted). In other words, if the plaintiff succeeds in demonstrating a *prima facie* case of discrimination, and if the employer proffers a legitimate, non-discriminatory reason for the

4

adverse employment action, the burden shifts back to the plaintiff to prove that the non-discriminatory reason given by the employer was a pretext, or excuse, for discrimination.

Having considered the defendants' motion for summary judgment, the pleadings in this case, and the plaintiff's entire deposition, the court concludes that the plaintiff cannot demonstrate a *prima facie* case of race discrimination. Although the plaintiff can meet the first three elements – *i.e.*, that he is a member of a protected class as a black person, that he was qualified for his position, and that he was subjected to an adverse employment action by his termination, he has shown no evidence that he was treated differently than similarly situated non-black employees for the same or similar conduct. The defendants state that they terminated the plaintiff because he left work without permission which is a terminable offense according to the company's rules and regulations that the plaintiff agrees he was given. It is undisputed that the defendants have terminated at least eight white employees for the same offense.

Even if it were determined that the plaintiff could show a *prima facie* case of discrimination, the defendants have proffered a legitimate, non-discriminatory reason for his termination. The plaintiff has proffered no evidence other than his subjective belief that his termination for leaving work without permission was a pretext to terminate him because of his race. This does not create a genuine issue of material fact that necessitates a trial.

The court concludes that the plaintiff's Title VII claim should be dismissed with prejudice.

## C. Americans With Disabilities Act Claim

The ADA, 42 U.S.C. §12101 *et seq.* prohibits an employer from discriminating against a "qualified individual with a disability" on the basis of that disability. 42 U.S.C. § 12101(a). "The term 'qualified individual with a disability' means an individual with a disability who, with or

5

without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Pursuant to 42 U.S.C. § 12102(2):

> The term "disability" means, with respect to an individual--
> 
> **(A)** a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> 
> **(B)** a record of such an impairment; or
> 
> **(C)** being regarded as having such an impairment.

A plaintiff is "regarded as" disabled if he: "(1) has an impairment which is not substantially limiting but which the employer perceives as substantially limiting; (2) has an impairment which is substantially limiting only because of the attitudes of others towards such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment." *Rodriquez v. ConAgra Grocery Prods. Co.*, 436 F.3d 468, 475 (5th Cir. 2006).

"To establish a *prima facie* discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; (3) that he was subject to an adverse employment decision on account of his disability." *Zenor v. El Paso Healthcare Sys. Ltd.,* 176 F.3d 847, 853 (5th Cir. 1999).

Having considered the circumstances of this case, even in a light more favorable to the plaintiff, the court concludes that the plaintiff not established a *prima facie* case of disability discrimination. First and foremost, the plaintiff has not demonstrated that he is or was "disabled" within the meaning of the ADA because he has not shown that his hernia was a permanent or long-term disability. Temporary afflictions are not qualifying disabilities under the ADA. *Hamilton v. Southwestern Bell Telephone Co.*, 136 F.3d 1047, 1051 (5th Cir. 1998). Second, the plaintiff has shown insufficient evidence, other than his subjective opinion, creating a genuine issue of material

fact that he was terminated because of his alleged disability. The defendants' stated reason for terminating the plaintiff was that he left work without permission from management. Third, the plaintiff has not demonstrated a genuine issue of material fact that the defendants regarded the plaintiff as disabled within the meaning of the ADA.

The court therefore concludes that the plaintiff's ADA claim should be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion for Summary Judgment [41-1] is **GRANTED**; therefore,

(2) All of the plaintiff's claims are **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 11th day of December, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE